**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **KATHLEEN LANDUCCI on her behalf and in representation of her minor child C.S.E.**<br><br>Plaintiff,<br><br>v.<br><br>**PAULSON PRV HOLDINGS, LLC d/b/a LA CONCHA A RENAISSANCE RESORT; CONDADO DUO LA CONCHA, SPV LLC; INTERNATIONAL HOSPITALITY SERVICES, INC; CHUBB INSURANCE COMPANY OF PUERTO RICO**<br><br>Defendants. | CIVIL NO.<br><br>DAMAGES<br>JURY TRIAL DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

NOW COMES the Plaintiff, Kathleen Landucci ("Ms. Landucci") on her behalf and in representation of her minor child C.S.E., through the undersigned attorney and respectfully alleges and prays as follows:

### I. INTRODUCTION

This is a personal injury action filed by Plaintiff on her behalf and in representation of her minor daughter, C.S.E. to redress the injuries suffered by her minor daughter, and the suffering Plaintiffs endured and is still enduring due to the intentional and/or negligent acts committed by

1

Defendants, related to an accident that occurred during the month of July 2020.

On July 2020, Plaintiff planned a tropical vacation for her and her daughter, her friend Saras Jagwanth and her daughter. The four of them were ecstatic to leave the city of New York for a week and enjoy the sandy beaches in Puerto Rico. Plaintiff expected to make new memories with her 9-year-old daughter, C.S.E. Unfortunately, on the first day of their stay at La Concha Hotel in San Juan, their dream vacation turned into a nightmare. Due to the gross negligence of Defendants, minor C.S.E. fractured her right wrist as she slipped and fell as a direct result of the wet floors on the 8th floor of the hotel. There were no advisory signs alerting guests of the situation, nor was there any indication that the hotel was taking any steps to remedy this dangerous environment. Their vacation was ruined, and the memories that Plaintiff wanted to create with her daughter were completely different than what she envisioned. As a result of C.S.E.'s slip and fall, Ms. Landucci and her daughter could not enjoy the rest of their vacation, incurred in unexpected medical expenses, and made mother and daughter suffer.

## II.   JURISDICTION AND VENUE

1. The jurisdiction in this case is founded pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff (resident of New York City, N.Y., United States) and Defendants, corporations registered and with place of business in Puerto Rico, or alternatively, corporations with registered offices in Delaware, United States. Furthermore,

the amount in controversy in the Complaint exclusive of interests and costs exceeds seventy-five thousand dollars ($75,000.00).

2. Venue of this action in this district is proper pursuant to 28 U.S.C. Sec. 1391, since the accident and the event herein stated occurred in Puerto Rico.

### III. REQUEST FOR JURY TRIAL

3. Plaintiff requests trial by jury.

### IV. PARTIES

4. Plaintiff Kathleen Landucci is of legal age, single and resident of the state of New York, with the following address: 310 23RD Street, Apt. 3B New York, N.Y. 10010. Minor child, C.S.E., is Ms. Landucci's daughter and is 9 years old. Plaintiff Landucci files on her behalf and in representation of her minor child, C.S.E.

5. Defendant Paulson PRV Holdings, LLC (hereinafter, "Paulson") is upon information and belief, a limited liability corporation duly registered and authorized to do business in Puerto Rico under the laws of Delaware, United States, with the following address: 251 Little Falls Drive, Wilmington, New Castle, DE, 19808. Paulson operates the Hotel La Concha A Renaissance Resort (hereinafter, "La Concha"), in San Juan, Puerto Rico.

6. Co-Defendant Condado Duo La Concha, SPV LLC, (hereinafter, "Condado Duo") is a limited liability company duly registered and authorized to do business in Puerto Rico under the laws of Delaware, United States. Condado Duo is the owner of the Hotel La Concha A Renaissance Resort. Its designated

Office address is: Popular Center 19th floor, 208 Ponce de León Ave. San Juan, P.R. 00918.

7. Co-Defendant International Hospitality Services, Inc. (hereinafter, "Hospitality Services"), is a corporation duly registered and organized under the laws of the Commonwealth of Puerto Rico, and authorized to do business in Puerto Rico. Hospitality Services manages the Hotel La Concha A Renaissance Resort. The designated office address is: 64 Washington St., corner of Luchetti, Condado, San Juan, P.R. 00907.

8. Co-Defendant Chubb Insurance Company of Puerto Rico (hereinafter, "Chubb") is an insurance company duly registered and organized under the laws of the Commonwealth of Puerto Rico. Upon information and belief, the Hotel La Concha A Renaissance Resort had a liability and/or casualty insurance issued by Chubb at the time of the accident set forth in this complaint, July 30, 2020. The designated office address is: Plaza Scotiabank 273 Ponce de León Ave. San Juan, P.R. 00918.

## V.    STATEMENT OF CLAIM

9. Exhausted from the perils brought on by the COVID-19 Pandemic, Ms. Kathleen Landucci dreamed of a tropical vacation full of sun and fun with her 9-year-old daughter, C.S.E., her friend, Saras Jagwanth, and Ms. Jagwanth's daughter.

10. Finally, Ms. Landucci booked the plane tickets and made reservations for the four of them at two hotels. Their first stay would be at the Dreamcatcher Hotel in San Juan, Puerto Rico, a quaint boutique hotel in the

Condado Area. The second hotel was the one that had the group very excited, since it was a luxurious and grand hotel on the beach, La Concha A Renaissance Resort in San Juan, Puerto Rico.

11. The two women and their daughters arrived on the Island on July 28, 2020. They could not be happier to finally escape the COVID-19 pandemic lockdown in their apartment in the city of New York, and were looking forward to spend some relaxing time at sandy beaches or by the pool of the hotel. The four of them stayed two nights at the Dreamcatcher Hotel, from July 28, 2020 to July 30, 2020.

12. On July 30, 2020, the group left the Dreamcatcher Hotel and checked in at La Concha a Renaissance Resort. They were finally going to live their dream vacation to the fullest, in what they thought was one of the best hotels in Puerto Rico.

13. Nonetheless, the dream vacation they had planned turned into a nightmare. On July 30, 2020, as Plaintiff and C.S.E. were heading out to dinner from their room on the 8th floor of the hotel, they noticed the floor was wet. Plaintiff grabbed her daughter under her left arm and both of them walked toward the elevator as cautiously as possible, observing all the precautions that a reasonable and prudent person would observe under a similar situation.

14. Unfortunately, as the couple was rounding the corner to the elevator where the tiles turn to marble, C.S.E.'s right foot slid on the wet floor, while Plaintiff was still holding her. C.S.E. used her right hand to break the fall. As she broke the fall with her right hand, a sharp pain shot through her

5

wrist to the rest of her arm, and she immediately started screaming and crying. Even if Plaintiff was holding C.S.E. under her left arm, she was not able to help her, and almost fell herself.

15. The puddle of water that caused C.S.E.'s fall was a product of the rain water brought on by the Isaiah Storm, which passed through Puerto Rico on that date. There were no advisory signs or any type of warning of the slippery conditions of the floor.

16. Defendants, knowing that a storm was due to pass through the Island on July 30, 2020, failed to take all reasonable measures to enable the safety and health of all guests.

17. C.S.E.'s fall was a direct consequence of the carelessness and negligence of the hotel management, Paulson, Condado Duo and/or Hospitality Services, in not resolving the dangerous conditions it was exposing its guests to. In their duty of care toward its guests, Defendants should have taken all necessary precautions in order to avoid accidents like the one in this complaint, including setting up advisory floor signs on the 8th floor when it was raining, and mopping and drying the floors afterward.

18. Immediately after C.S.E.'s slip and fall, Plaintiff grabbed C.S.E. from the floor and both of them took the elevator directly to the front desk of the hotel. There, they asked the front desk employees if they had a doctor on site, since C.S.E. was in a lot of pain, and Plaintiff was anguished and distressed for her daughter. Plaintiff could not believe this was happening to them while on vacation.

19. The hotel management, Paulson, Condado Duo and/or Hospitality Services, could not get a hold of a doctor for C.S.E., so they called an ambulance. While waiting for the ambulance, Plaintiff requested the hotel to please mop and dry the floor on the 8th floor, since water on the floor was obviously a dangerous condition and other guests were exposed to it, including her friend Ms. Jagwanth and the latter's daughter.

20. Finally, the ambulance arrived, and took Plaintiff and C.S.E. to Doctor's Center Hospital in San Juan.

21. Once at the hospital, Dr. Nery Rivera Caballero ordered X-rays, and diagnosed C.S.E. with a "buckle fracture of distal end of right radius". Her small arm had to be put in a temporary cast in order to heal the fracture suffered on her right wrist, and she was prescribed acetaminophen (Children's Tylenol) 160 mg/5 ml suspension every 4 hours.

22. Defendants did not offer to pay for the medical expenses Plaintiff incurred in while seeking medical help for her child in Puerto Rico, nor did they mop and dry the 8th floor's hallway floor.

23. In fact, upon their return to the hotel from the Emergency Room at midnight, Ms. Landucci was dismayed to realize that the floor on the 8th floor was still wet and there were still no floor signs advising to be cautious. She had specifically requested the hotel management to mop and dry the floors, yet they did not do it, putting them and other guests at risk of suffering an accident because of the slippery wet conditions.

24. The rest of their vacation days were doomed. C.S.E. had to rest, and could not play with her friend or enjoy any fun activities for a child her age, nor could she do simple things like brush her teeth, shower, dress or use the bathroom on her own. Plaintiff was suffering for her child, and felt helpless.

25. Plaintiff, C.S.E. and their friends returned to New York City on August 4, 2020.

26. Once in New York, Plaintiff had to make medical specialist follow-up appointments for her daughter C.S.E. to get a cast put on and make sure that C.S.E.'s fracture was healing well. These were additional unplanned expenses that Plaintiff had to make, since C.S.E. is a gymnast, a ballerina, and a tennis player, and Plaintiff worried that the fracture would affect her daughter's performance and quality of life.

27. Needless to say, Chloe could not participate in any activities for the rest of the summer after her accident, and both Plaintiff and daughter had to remain in their apartment, miserable.

28. La Concha Hotel, Paulson, Condado Duo and/or Hospitality Services, in its gross negligence, is directly responsible for the suffering inflicted on Plaintiff and her daughter. Defendants knew or should have known that rainwater from Storm Isaiah would come in through the open spaces in the hotel, creating wet and slippery floors that would expose guests to dangerous conditions. Defendants did not even put advisory signs about the wet condition of the floor on the 8th floor, which clearly shows a lack of due diligence and lack of duty of care towards guests of the hotel. Moreover,

Defendants are directly responsible for ruining Plaintiff and her daughter's vacation time, for Plaintiff's anguish as she saw her little daughter suffering, and for all the unforeseen medical expenses that Plaintiff had to pay for C.S.E.'s wrist fracture.

### VI. FIRST CAUSE OF ACTION IN FAVOR OF PLAINTIFF LANDUCCI

29. The allegations contained in all previous paragraphs are re-alleged as if fully alleged herein.

30. Plaintiff Landucci damages are a direct consequence of Defendants' fault and negligence by: (a) failing to provide a safe environment for their guests (b) failing to protect their floors from slippery conditions; (c) failing to maintain safe premises; (d) failing to provide adequate and immediate medical attention; (e) failing to cover C.S.E.'s medical expenses; (f) failing to identify slippery areas; (g) failing to alert guests of slippery conditions; (h) failing to follow up on C.S.E.'s injuries; (i) the anguish and suffering inflicted on Plaintiff for her daughter's accident and condition, and (f) economic hardship due to unforeseen medical expenses, including but not limited to the medical attention provided at Doctor's Center Hospital for her daughter.

31. Defendant's actions and omissions, through fault and/or negligence, caused damages to Plaintiff Landucci.

32. Defendant's negligence and omissions were a proximate legal cause of Plaintiff's injury.

## VI. SECOND CAUSE OF ACTION IN FAVOR OF MINOR CHILD

33. The allegations contained in all previous paragraphs are re-alleged as if fully alleged herein.

34. C.S.E.'s damages are a direct consequence of Defendants' fault and negligence by: (a) failing to provide a safe environment for their guests (b) failing to protect their floors from slippery conditions; (c) failing to maintain safe premises; (d) failing to provide adequate and immediate medical attention; (e) failing to cover C.S.E.'s medical expenses; (f) failing to identify slippery areas; (g) failing to alert guests of slippery conditions; (h) failing to follow up on C.S.E.'s injuries; (i) economic hardship due to unforeseen medical expenses, including but not limited to the medical attention provided at Doctor's Center Hospital for her wrist fracture; (j) buckle fracture of distal end of right radius; (k) immobilization of her right arm with a cast as treatment for the fracture suffered; (l) pain and suffering product of the fracture on her right wrist; (m) visit to the emergency room at Doctor's Center Hospital in San Juan, where C.S.E. was submitted to x-rays, painkillers and other medical studies. She had to stay in the emergency room for approximately four hours; (m) follow up medical appointments upon her return to New York City.

35. C.S.E. had to take medication that she would not have had to take if it were not for Defendant's fault and negligence.

36. As a direct result of her slip and fall and wrist fracture because of Defendant's fault and negligence, C.S.E. could not enjoy her vacation with her mother.

37. As a direct result of her slip and fall and wrist fracture because of Defendant's fault and negligence, C.S.E. could not enjoy the rest of her summer back home and engage in gymnastics and other physical activities.

### VII. THIRD CAUSE OF ACTION – CLAIM AGAINST THE INSURANCE

38. The foregoing paragraphs are realleged and reasserted herein.

39. Upon information or belief, Chubb is the insurance company for Paulson, Condado Duo and Hospitality Services.

40. Co-defendant Chubb is liable for the negligence, fault and legal violations of their insured up to the coverage limit to their benefit. Plaintiff hereby exercises their right to present a direct action against the aforementioned insurance company.

### VIII. DAMAGES

41. As a direct result of the fault and negligence of Defendants described herein, Plaintiff and daughter were unable to enjoy their vacation while on Defendant's hotel La Concha, and wasted approximately $2,300.00 in vacation expenses, including flight, hotel, and food. As a direct result of the fault and negligence of Defendants described herein, Plaintiff had to incur in unforeseen medical expenses for the medical treatment that C.S.E. received at the Doctor's Center Hospital in San Juan, and follow-up specialist medical treatment appointments upon their return to New York, for a total of $4,962.77, of which Plaintiff had to pay the amount not covered by insurance, $889.14. Ms. Landucci continues to suffer from her daughter's injury. As a

result of the injury her daughter suffered, Plaintiff Landucci suffered economic losses. As a direct result of Defendants' fault and negligence, Plaintiff and C.S.E. could not enjoy their vacation and the remainder of summer in New York.

42. Due to defendants' negligence as described above and in result of Plaintiff C.S.E. injury, Plaintiff Landucci suffered and continues to suffer mental anguish and emotional damages, medical, hospital and pharmaceutical expenses, loss of sleep, loss of earning capacity, loss of ability to perform household services, depression, anxiety, feelings of anger and despair, among others. She also suffered because of the minor's constant complains and diminished ability to enjoy life.

43. As a result of said incident, Plaintiff C.S.E. sustained injury to her person and has sustained: physical pain, mental anguish, psychological damages, loss of life's pleasures, loss of physical capacity, among others.

44. Plaintiff's and C.S.E.'s damages herein alleged apply to all causes of action. The Plaintiff has had to seek out and continue medical treatment for C.S.E. As a result of the events described herein, Plaintiff and C.S.E. have suffered and continue to suffer irreparable physical and emotional damages.

## IX. RELIEF

1. Wherefore, Plaintiff prays that this Honorable Court enter judgment in favor of Plaintiff and C.S.E., and against Defendants according to the aforementioned averments and order Defendants to pay the amounts herein requested:

2. Award Plaintiff and C.S.E. the following monetary amounts, totaling $750,000.00 to be paid by Defendants:

a. For C.S.E.'s physical and emotional damages and pain and suffering, an amount which is estimated at this time to be in excess of $350,000.00.

b. For economic losses, an amount which is estimated at this time to be in excess of $50,000.00.

c. For Plaintiff Landucci emotional damages and pain and suffering, an amount which is estimated at this time to be in excess of $350,000.00.

d. Provide for the payment of all applicable interests, including prejudgment interest, together with reasonable attorney's fees, litigation expenses and the costs of this action.

e. Grant Plaintiff and C.S.E. such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with any decree issued by this court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 2nd day of February, 2021.

**BELLVER ESPINOSA LAW FIRM**
Condominio El Centro I, Suite 801
500 Muñoz Rivera Avenue

San Juan, Puerto Rico 00918  
Tel. (787) 946-5268/Fax (787)946-0062

S/Alejandro Bellver Espinosa  
Alejandro Bellver Espinosa, Esq.  
U.S.D.C. – P.R. 225708  
Email: alejandro@bellverlaw.com